UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 05-30-DCR-02 |
| | ) | |
| V. | ) | |
| | ) | |
| TERRY HOLLAND, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Following a guilty plea, Defendant Terry Holland was sentenced on February 15, 2006, to a term of imprisonment of 220 months as a result of his participation in extensive drug-trafficking and money-laundering conspiracies.  [Record No. 659]  Holland did not file a direct appeal or a collateral attack of his plea, conviction, or sentence.  However, on January 13, 2009, he filed a *pro se* request for a sentence reduction.  [Record No. 902]  The request was denied.  [Record No. 903]  Now, by letter dated December 1, 2014, Defendant Terry Holland advises the Court of his intention to request a reduction in his sentence under 18 U.S.C. § 3582(c)(2).  [Record No. 984]  Once again the Court has reviewed the record and concludes that a reduction of the defendant's sentence is unwarranted.

As set out in Paragraph 2 of his written Plea Agreement, Holland admitted, in relevant part, to the following:

> (a)     The defendant, Terry Holland, during dates charged in the indictment conspired with those listed in the indictment to possess with intent to distribute and to distribute over 5 kilograms of cocaine and over 1000 kilograms of marijuana.  During the course of the investigation by the FBI, the defendant assisted Kenneth Day in selling to a confidential informant approximately 40 ounces of cocaine and 19 ½ pounds of marijuana.  [. . .]  The defendant and his

partner in the drug business, Kenneth Day, participated in numerous telephone conversations with each of the co-defendants listed in the indictment and discussed the distribution of cocaine and/or marijuana with each of them. [. . .] Cooperating witnesses will testify that Terry Holland and Kenneth Day possessed and distributed approximately 10,000 pounds of marijuana, and 35-40 kilograms of cocaine during the time of the conspiracy. [. . .] The defendants, Terry Holland and Kenneth Day, delegated the responsibility of storing the marijuana to James Davidson who lived within 1000 feet of the Burning Springs Elementary School. On November 24, 2004, the defendant, Terry Holland, aided and abetted James Henry Davidson, Jr. and Steven Neal Davidson in the distribution of a quantity of marijuana from the residence of James Henry Davidson, Jr. Davidson stored thousands of pounds of the marijuana in a secret room under the garage which contained numerous freezers. [. . .] Randy Salyers, Steven Davidson and the defendant, Terry Holland at the direction of Kenneth Day assisted in conducting counter-surveillance following the arrest of Effler. Michelle Smith and Terry Holland stored drug proceeds in amounts exceeding $600,000 at their residence during the course of the conspiracy. The funds stored were used to promote the illegal drug trafficking and were transferred to individuals located outside the state of Kentucky. Jennings White also agreed with Kenneth Day and the defendant, Terry Holland, to further the drug conspiracy by conducting financial transactions (including the transfer of cash i.e. presenting checks in exchange for drug proceeds and accepting two collectible automobiles valued over $150,000) to promote the drug trafficking and/or conceal, disguise the nature, location, source, ownership, and control of proceeds of the trafficking. [. . .] The defendant, Jennings B. White, exchanged $20,000 in checks for $24,000 U.S. currency that was drug proceeds. Kenneth Day and Terry Holland each paid the defendant $12,000 each [sic]. Loreda Smith, Jennings White, James Davidson, Terry Holland, and others assisted the defendant, Kenneth Day in an attempt to influence the court system in Clay County for the purposes of protecting the drug organization. In addition, the defendant, Kenneth Day, Loreda Smith, James Davidson, and Terry Holland following the arrest of Thomas Effler on April 9, 2005 devised a scheme to influence the Clay County court system in lowering the bond of Effler. [. . .]

(b)      On or about April 26, 2005, the defendant, Terry Holland, assisted Kenneth Day in the payment of approximately $150,000 in cash to Rishdi Asam. Asam picked up the cash at KD's Pawnshop and returned to Texas. Asam was a marijuana supplier to the organization and had sold approximately 900 pounds of marijuana to Day and Holland during the conspiracy.

[Record No. 644]

Holland's non-binding guideline range for imprisonment at the time of sentencing was 235 to 293 months. [PSR, p. 45] This range was calculated using the United States Sentencing Guidelines ("USSG"), based on Holland's offense level of 38 and criminal history category I. After considering the full circumstances and extent of the conspiracy and the relevant factors under 18 U.S.C. § 3553, the Court determined that a sentence of 220 months was not greater than necessary to meet the applicable statutory goals.

Holland urges the Court to find that a sentence reduction is warranted in light of the facts of the case and the recent Amendment 782 to the USSG. The Amendment, which went into effect on November 1, 2014, applies retroactively to certain drug offense cases. In reviewing the present motion, the Court considers the seriousness of the crime, the personal history and characteristics of the defendant, the defendant's acceptance or responsibility and cooperation, specific and general deterrence for future crimes under 18 U.S.C. § 3553. All factors considered, the Court again concludes that a reduction of Holland's term of imprisonment would be wholly inappropriate.

Holland is responsible for serious and significant criminal conduct in this case. At the time of sentencing, the Court found that incarceration for 220 months was the minimum sentence necessary, and the recent amendment to the drug tables does not alter that conclusion. A lesser term of incarceration would not serve to deter Holland or others in Holland's position from committing similar offenses in the future. Further, a reduced term of imprisonment would not provide sufficient punishment for Holland's considerable involvement in the drug-trafficking and money-laundering conspiracies and would unduly diminish the seriousness of his conduct.

Finally, the Court notes that the United States Sentencing Guidelines (then and now) are not binding. While the costs to incarcerate Holland are substantial, those costs do not outweigh the relevant sentencing factors outlined in 18 U.S.C. § 3553 and summarized above. Accordingly, it is hereby

**ORDERED** that Defendant Terry Holland's motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) [Record No. 984] is **DENIED.**

This 10th day of December, 2014.

Signed By:

*Danny C. Reeves* DCR

**United States District Judge**