UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 05-030-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| TERRY HOLLAND, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

Defendant Terry Holland is currently serving a 220-month term of imprisonment for his involvement in extensive drug-trafficking and money-laundering conspiracies. [Record No. 659] On January 13, 2009, Holland filed a *pro se* request for a sentence-reduction which the Court denied. [Record Nos. 902 and 903] On December 8, 2014, Holland filed a letter advising the Court of his intent to request a sentence reduction under 18 U.S.C. § 3582(c)(2). [Record No. 984] Construing the letter as a motion for a sentence reduction, the Court denied the request after reviewing the record and reconsidering all relevant sentencing factors. [Record No. 985] On appeal, the Sixth Circuit affirmed the denial of Holland's § 3582 motion. [Record Nos. 999 and 1000]

Unwilling to accept the Court's ruling, on March 14, 2016, Holland filed yet another motion to reduce his sentence under 18 U.S.C. § 3582. [Record No. 1002] Because the Court has already denied Holland § 3582 motion, the Court will construe this new pleading as a motion for reconsideration. District courts review motions to reconsider under the same standard as motions to alter or amend under Rule 59(e) of the Federal Rules of Civil

Procedure.  *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982).  However, Rule 59(e) motions for reconsideration must be filed no later than 28 days after entry of the applicable order.  Fed. R. Civ. P. 59(e).  Because Holland filed the present motion more than 28 days after the Court's denial of his first § 3582 motion, rule 59(e) relief is unavailable.  [Record No. 985]

The defendant's motion for reconsideration can also be construed as a motion under Rule 60(b), which must be made within a "reasonable time."  Fed. R. Civ. P. 60(c)(1); *see Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998).  A Rule 60(b) motion may be granted where the movant demonstrates:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Here, only Rule 60(b)(6) is applicable.  In his most recent filing, Holland does not offer any argument regarding the Court's denial of his first § 3582 motion.  In fact, he never even mentions the earlier pleading.  Instead, he argues that he will not endanger the public's safety if he is released early.  [Record No. 1002, pp. 9-10]

After the Court determines whether a defendant is eligible for a sentence reduction, it considers whether a reduction is warranted based on the factors set forth in 18 U.S.C. § 3553(a).  *United States v. Thompson*, 714 F.3d 946, 948-49 (6th Cir. 2013).  One of the factors listed in § 3553(a) is the need "to protect the public from further crimes of the

defendant." 18 U.S.C. § 3553(a)(2)(C). Holland states that he is housed in a minimum security prison and is classified as "out-custody," meaning he is eligible for work outside of the facility's boundaries. [Record No. 1002, p. 9-10] He further explains that he has no history of violence. *Id.* at 10. But even at a minimum security prison, Holland is still heavily supervised. With regard to this issue, the Court's primary concern is the likelihood of recividism, which presents an ongoing danger to the public.

Holland also ignores the Court's prior analysis of the remaining § 3553 factors. The Court denied Holland's original § 3582 motion because a lesser term of incarceration would not provide sufficient deterrence to Holland and others who might be inclined to commit similar crimes. Further, a reduced sentence under the circumstances presented by Holland would unduly diminish the seriousness of his conduct. [Record No. 985] Those factors still weigh against a § 3582 sentence reduction.

Finally, Holland contends that his post-sentencing conduct entitles him to relief under § 3582. [Record No. 1002, pp. 11-12] He claims that he has maintained clear conduct for the time he has spent in prison thus far. *Id.* at 11. He also includes an extensive list of awards and certificates that he has received while in custody. *Id.* "The court *may*, but *is not required to*, consider a defendant's post-sentencing conduct." *Id. United States v. Greenwood*, 521 F. App'x 544, 547 (6th Cir. 2013). In deciding this motion to reconsider, the Court has taken Holland's post-incarceration activity into account. However, the other § 3553 factors that the Court has considered outweigh the positive conduct that Holland has displayed during incarceration to date. Accordingly, it is hereby

**ORDERED** that Defendant Terry Holland's motion [Record No. 1002] to reduce his sentence, construed as a motion for reconsideration, is **DENIED**.

-4-

This 15th day of March, 2016.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge